808 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Laura Jane WHITEHORN, aka Ann Morrison; Joann Roth;
Milagros H. Matese; Sharon Lee Scott; Leslie
Harris; Jane Bornter; Patsy McCarthy,
Defendant-Appellant.
 No. 86-5574.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 14, 1986.
Decided Dec. 12, 1986.
 
 BEFORE WINTER, Chief Judge, RUSSELL, Circuit Judge, and McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.
 Marvin David Miller (John Kenneth Zwerling, Michael S. Lieberman, Zwerling, Mark, Ginsberg & Lieberman, P.C., Bruce Kapsack on brief) for appellant.
 John Granville Douglass, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 PER CURIAM:
 
 
 1
 The district court found Laura Whitehorn in contempt when she refused, in open court, to obey an order to provide handwriting samples. The district court ordered that Whitehorn be committed until she purged herself of contempt or until completion of the government's prosecution in which the government intended to use a letter, which the government hoped to demonstrate was written by Whitehorn. Several months later, Whitehorn filed a motion to "rescind" her commitment for contempt. The district court denied Whitehorn's motion to rescind and she appeals. We affirm.
 
 
 2
 Under 28 U.S.C. Sec. 1826(a), a district court possesses the authority to confine a recalcitrant witness for the life of the court proceedings, but in no event longer than eighteen months. Within that period the district court has broad discretion as to whether a civil contempt sanction has lost its coercive effect. Simkin v. United States, 715 F.2d 34 (2 Cir.1983).
 
 
 3
 In the instant case, the criminal proceeding in which Whitehorn's handwriting sample is needed has not been concluded.[1] Nor has Whitehorn been confined for eighteen months. The district court did not abuse its discretion by concluding that there is nothing in the record to show that the civil contempt sanction has lost its coercive impact and thereby become punitive. Simkin, supra, 715 F.2d at 37-38. The fact that Whitehorn states that she will never comply with the order to provide a handwriting exemplar does not render the district court's conclusion an abuse of discretion because her present intention never to cooperate does not preclude the possibility that continued confinement will cause Whitehorn to change her mind. See Simkin, supra, 715 F.2d at 37; In re Cueto, 443 F.Supp. 857 (S.D.N.Y.1978). In addition, this court would undermine the authority of the district courts to coerce litigants through the use of contempt if it required release of every contemner who boldly asserts her refusal to comply with an order of the court.
 
 
 4
 Whitehorn alleges that the prosecution has obtained a handwriting sample from another source. The government has denied that it possesses a known handwriting sample of the defendant. Even aside from the government's denial that it possesses a known handwriting sample of the defendant, Whitehorn may not decide how the government should prove its case. While there is a possibility that the government could prove that Whitehorn wrote the letter in question by proof of a lengthy chain of circumstances, ascertaining authorship of the letter would be far easier if Whitehorn admitted authorship of the letter or provided the exemplars. Indeed the exemplars may even corroborate her denial of authorship. In any event, a valid order of the district court has directed Whitehorn to provide exemplars, and she may not disobey that order based on her conception of the government's needs.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The criminal case in which the handwriting sample would be used has not been delayed because of this proceeding. The delay is attributable to the government's appeal from a suppression order. 18 U.S.C. Sec. 3731. The district court retains jurisdiction over Whitehorn's continued commitment because the defendant is still under indictment and trial is pending. 28 U.S.C. Sec. 1826(a)